

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-14-00233-CR
_____

JAAFAR ABDULLAH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2014-401,987; Honorable John J. McClendon III, Presiding

December 4, 2014

## ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pursuant to an open plea of guilty, Appellant, Jaafar Abdullah, was convicted of aggravated robbery with an affirmative finding on use of a deadly weapon and sentenced to six years confinement. On August 14, 2014, this Court permitted retained counsel to withdraw from representing Appellant. After the appellate record was filed, Appellant's brief was due to be filed on November 12, 2014. When the brief was not timely filed, this Court notified Appellant by letter dated November 19, 2014, of the

defect and advised him the brief was due no later than December 1, 2014. Appellant was cautioned that failure to file his brief would result in abatement of the appeal and a remand of the cause to the trial court for further proceedings. To date, Appellant has not communicated with this Court and his brief remains outstanding. There has not been an appearance by new counsel and Appellant is presently proceeding *pro se*.

An eligible criminal defendant is entitled to have the trial court appoint an attorney to represent him in an appeal to a court of appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1) (West Supp. 2014). The trial court's certification reflects that Appellant has the right of appeal. Consequently, we now abate this appeal and remand the cause to the trial court for further proceedings.

Upon remand, the trial court shall utilize whatever means necessary to immediately determine the following:

1. whether Appellant still desires to prosecute this appeal;

2. whether Appellant is indigent and entitled to appointed counsel to pursue this appeal; and

3. why Appellant's brief has not been filed.

Should it be determined that Appellant does want to continue the appeal and the trial court determines he is entitled to appointed counsel, the name, address, telephone number, email address and state bar number of appointed counsel shall be provided to the Clerk of this Court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by January 16,

2

2015. If new counsel is appointed to represent Appellant, his brief shall be due thirty days after the date of appointment.

It is so ordered.

Per Curiam

Do not publish.